UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 98-92-01T |
| | : | |
| TRAVIS EARL CHAMBLEE | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a preliminary hearing was held on August 31, 2006 and a subsequent revocation hearing on September 14, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations.

At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of seventeen (17) months of incarceration followed by eighteen (18) months of supervised release. I further recommend that Defendant pay his outstanding fine balance of $2,389.20, plus interest. I further recommend that while on supervised release, Defendant participate in and satisfactorily complete an inpatient/outpatient substance abuse treatment**

**program as approved by the United States Probation Officer and submit to no more than seventy-two urine specimens per year. Finally, I further recommend that Defendant complete the balance of his 150 hours of community service as approved by the Probation Department.**

## Background

On May 2, 2006, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On May 2, 2006, the District Court reviewed the request and ordered the issuance of a Warrant which lodged a Federal detainer on Defendant. Defendant appeared in Court on August 31, 2006 and September 14, 2006. On September 14, 2006, Defendant knowingly and voluntarily admitted to the following charges[1] and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.**
>
> On April 24, 2006, Defendant committed the offense of Manufacture, Delivery and Possession with Intent to Distribute a Controlled Substance (Cocaine Base – 11 grams). Defendant appeared in Sixth Division District Court on April 24, 2006 and was ordered held without bail.
>
> **The defendant shall perform 150 hours of community service as determined by the Probation Department.**
>
> Having only completed eighty-one hours of community service during the first three and one-half years of supervised release, on January 11, 2006, Defendant was instructed to perform ten hours weekly until the balance was satisfied. In the approximate twelve

[1] During Defendant's initial supervised release revocation hearing held on August 31, 2006, the Government moved to dismiss a fourth violation related to a pending "bad check" charge based on Mr. DiLibero's representation that this charge was dismissed in the state court. The Court granted the Government's Motion to dismiss that violation.

> weeks that lapsed between the instruction and his April 24, 2006 arrest, he only performed twenty-eight hours.
>
> **The defendant shall pay one-half the cost of supervised release in the amount of $126.65 for each month of said term of supervised release.**
>
> Defendant has only paid $3,690 towards his fine instead of the required amount of $6,079.20 ($126.65 x 48 months). Defendant remains in arrears on this obligation as his last fine payment was on January 17, 2006 in the amount of $20.00.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, a five-year term of supervised release was previously imposed, but statute authorizes up to a life term. Therefore, the term can be extended without any limitation.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony,

or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class B felony. Therefore, he may not be required to serve more than three-years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. Therefore, the Court may impose up to a life term of supervised release.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct

constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, the fine amount imposed was $6,079.20 ($126.65 x 48 months). There is an outstanding fine balance in the amount of $2,389.20, plus interest.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is fifteen to twenty-one months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was originally convicted of possession with intent to distribute cocaine base and sentenced in 1999 to forty-eight months' imprisonment followed by five years' supervised release with special conditions. Defendant's supervision commenced on April 29, 2002. Although Defendant was partially delinquent as to payment of his fine and completion of community service,

there is no evidence in the record that Defendant reverted to drug use or illegal activity prior to April 24, 2006 – the date of his arrest for again possessing with intent to distribute cocaine base.

At the hearing, the Government requested a mid-range sentence of eighteen months. Defendant requested a low-end sentence of fifteen months. Defendant argued that he had stayed out of trouble and maintained employment for the last four years, and attributed the April 2006 charge to a drug relapse. He also expressed a desire to be with his young children and noted that he has one on the way who will be born when he is in prison.

In Defendant's favor, it does appear that he was working and, although not a model probationer, basically stayed out of trouble for nearly four years. In addition, he admitted the violations and accepted responsibility for his actions.

Against Defendant, he apparently did not learn a lesson from his initial conviction and sentence. Defendant engaged in the same type of behavior that landed him in prison from 1999 - 2002. A review of the police report from Defendant's April 24, 2006 arrest suggests that Defendant had reverted to full-blown crack dealing out of an apartment on Atwells Avenue in Providence. Further, Defendant's Probation Officer wasted substantial resources attempting to assist Defendant, and he wasted the opportunity presented to him.

Taking all of the facts and circumstances into consideration and giving Defendant credit for admitting the violation, this Court concludes that a mid-range sentence of seventeen months is an appropriate punishment. Although Defendant has already completed four years' supervised release, this Court concludes that a further term of eighteen months is necessary to support Defendant after

his release and to allow time to supervise full payment of the fine and full completion of the community service originally imposed by Chief Judge Torres.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of seventeen (17) months of incarceration followed by eighteen (18) months of supervised release. I further recommend that Defendant pay his outstanding fine balance of $2,389.20, plus interest. I further recommend that while on supervised release, Defendant participate in and satisfactorily complete an inpatient/outpatient substance abuse treatment program as approved by the United States Probation Officer and submit to no more than seventy-two urine specimens per year. Finally, I further recommend that Defendant complete the balance of his 150 hours of community service as approved by the Probation Department.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND

United States Magistrate Judge
September 15, 2006